# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GREG POMARES, | CASE NO. 1:06-cr-00167-LJO |
|         Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO STAY** |
| vs. | (Docs. 198, 201). |
| UNITED STATES OF AMERICA, | |
|         Respondent. | |

## I. INTRODUCTION

Richard Greg Pomares ("Mr. Pomares") is currently serving a term of supervised release and proceeds pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Also, before the Court is his motion to stay execution of special condition 9 of his supervised release. For the reasons discussed below, Mr. Pomares' § 2255 motion is DISMISSED without prejudice and his motion to stay is DENIED.

## II. BACKGROUND

**A. Conviction**

On June 22, 2007, Mr. Pomares pled guilty to credit card fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(3) and 2. (Doc. 72). He also pled guilty to harboring or concealing a person from arrest, in violation of 18 U.S.C. §§ 1071 and 3147. (Doc. 72). On August 29, 2008, the Court sentenced him to 63 months imprisonment followed by 36 months of supervised release. (Doc.

115).

**B. 36 Month Term of Supervised Release**

On October 22, 2010, Mr. Pomares' 36 month term of supervised release began. (Doc. 150). On June 14, 2011, his probation officer filed a petition for warrant which alleged the following supervised release violations:

(1) unauthorized travel,

(2) failure to follow the instructions of the probation officer,

(3) missed testing appointments, and

(4) failure to notify probation officer of new residence.

(Doc. 150). The Court ordered the issuance of a warrant. (Doc. 150). On September 19, 2011, Mr. Pomares admitted to the allegations in the petition and was released pending sentencing. (Doc. 160).

On November 16, 2011, Mr. Pomares' probation officer filed a second petition for warrant which alleged the following supervised release violations:

(1) failure to follow the instructions of the probation officer,

(2) failure to submit a truthful written report, and

(3) failure to provide financial information.

(Doc. 164). The Court issued a warrant. (Doc. 164). On January 17, 2012, Mr. Pomares admitted to the violations in the November 16, 2011, petition. (Doc. 176).

On February 6, 2012, the Court revoked Mr. Pomares' supervised release and imposed an 8 month term of imprisonment followed by 28 months of supervised release. (Doc. 177). The judgment was entered on February 14, 2012. (Doc. 178). On February 21, 2012, Mr. Pomares filed a timely notice of appeal. (Doc. 179). The appeal is currently pending before the Ninth Circuit. *See* Ninth Circuit Case No. 12-10097. (Doc. 181).

**C. 28 Month Term of Supervised Release**

On July 10, 2012, Mr. Pomares' 28 month term of supervised release commenced. (Doc. 194). On October 17, 2012, his probation officer filed a petition for warrant or summons. (Doc. 194). The petition alleged the following violations:

(1) failure to participate in a residential community corrections center for a period of 90 days,

and

(2) failure to follow the instructions of the probation officer.

(Doc. 194). On November 6, 2012, Mr. Pomares denied the charges. (Doc. 196). A status conference regarding the alleged violations is currently set for March 20, 2013. (Doc. 199).

**D. § 2255 Motion**

On November 8, 2012, Mr. Pomares filed the instant § 2255 motion in which he challenges the February 6, 2012, revocation of his 36 month term of supervised release. (Doc. 198). He raises five grounds for relief. Ground one consists of four contentions. In ground one, he contends that: (1) the Court lacked jurisdiction when it revoked his term of supervised release; (2) the revocation was improper because no arrest warrant or petition existed; (3) he is actually innocent of the alleged violations; and (4) he was told that if admitted to the violations he would not serve a term of imprisonment. In ground two, he argues that the Court erred when it imposed special conditions of supervised release 9, 10, and 11. In ground three, he asserts that his guidelines' range was calculated incorrectly at the revocation hearing. In ground four, he contends that he received ineffective assistance of counsel at the revocation hearing. Finally, in ground five he alleges that the government and probation office engaged in misconduct.

**E. Motion to Stay**

On November 21, 2012, Mr. Pomares filed a motion to stay execution of special condition 9 of his supervised release pending resolution of his § 2255 motion. (Doc. 201). In the motion to stay, Mr. Pomares reiterates his arguments that the Court lacked jurisdiction when it revoked his supervised release, again challenges the validity of the arrest warrants, and reiterates his contention that the Court erred when it imposed special conditions of supervised release 9, 10, and 11.

**III. DISCUSSION**

**A. § 2255 Motion**

Generally, when a direct appeal is pending, a district court should not entertain a § 2255 motion. *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991). "The reason for this rule is that 'disposition of the appeal may render the [§ 2255 motion] unnecessary.'" *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (quoting *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959)). "There is some dispute

whether this rule reflects a jurisdictional bar or simply a prudential concern." *United States v. LaFromboise*, 427 F.3d 680, 686 n.9 (9th Cir. 2005). Regardless, the rule itself is clear.

On February 21, 2012, Mr. Pomares filed a timely notice of appeal in which he challenged the sentence imposed upon revocation of supervised release. (Doc. 179). The appeal is currently pending before the Ninth Circuit and has not yet been resolved. *See* Ninth Circuit Case No. 12-10097. (Doc. 181). Accordingly, this Court declines to consider Mr. Pomares' § 2255 motion at this time.

Mr. Pomares' § 2255 motion is DISMISSED WITHOUT PREJUDICE. Mr. Pomares may re-file his § 2255 motion after his appeal becomes final. To the extent Mr. Pomares may wish to appeal this dismissal, the Court declines to issue a certificate of appealability ("COA"). *See Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

**B. Motion to Stay**

In Mr. Pomares' motion to stay, he requests the Court to stay special condition 9 of his supervised release pending resolution of his § 2255 motion. Special condition 9 requires Mr. Pomares to reside and participate in a residential community corrections center for a period of 90 days.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433-34 (internal quotation marks and citations omitted).

"Judicial discretion in exercising a stay is . . . guided by. . . four factor[s] . . .: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). The first two factors are the most critical. *Nken*, 556 U.S. at 434.

**1. Likelihood of Success on the Merits**

With regard to the first factor, "at a minimum, a petitioner must show that there is a substantial case for relief on the merits." *Lair*, 697 F.3d at 1204 (internal quotation marks omitted). After

4

examining the issues raised in Mr. Pomares' § 2255 motion, the Court concludes that Mr. Pomares is unlikely to succeed on the merits of his motion. Each ground raised in Mr. Pomares' § 2255 motion will be discussed in turn.

**a. Ground One**

In ground one, Mr. Pomares raises four contentions. First, he contends that the Court lacked jurisdiction when it revoked his supervised release because jurisdiction was transferred to the Northern District of California. This contention is belied by the record. Although 18 U.S.C. § 3605 gives a sentencing court discretion to transfer jurisdiction over a person on supervised release to any other district court, jurisdiction was never transferred in this case. Mr. Pomares was supervised by a probation officer in the Northern District because he was living with his parents who reside in the Northern District. However, jurisdiction over Mr. Pomares was never transferred by Court order to the Northern District. Thus, this Court did not lack jurisdiction.

Second, Mr. Pomares argues that it was improper to revoke his supervised release because no arrest warrant or petition existed. This contention is also belied by the record. On June 14, 2011 and November 15, 2011, the probation office submitted petitions for warrants which the Court approved. (Doc. 150, 164).

Third, Mr. Pomares asserts that he is actually innocent of the alleged supervised release violations. Mr. Pomares admitted to the violations under oath. (Doc. 186, p. 7-9; Doc. 187, p. 8-9).

Fourth, Mr. Pomares contends that he only admitted to the first four violations because he was told that if he did not sustain any further violations by December 2, 2011, he would not receive a term of imprisonment and that his probation officer fabricated the second set of violations. At the first admission hearing, which occurred on September 19, 2011, probation requested that the sentencing hearing be set for the first week of December and that if there were any violations between the admission hearing and sentencing it would recommend a custodial sentence. (Doc. 186, p. 4-5). Prior to the sentencing hearing, Mr. Pomares sustained three more violations. Thus, probation recommended a custodial sentence.

Mr. Pomares alleges that his probation officer fabricated the second set of violations but fails to point to any evidence to show that the violations were fabricated. Moreover, Mr. Pomares admitted to

the violations under oath even after the Court informed him that he did not have to admit to the violations. (Doc. 187, p. 5-9). Mr. Pomares has failed to show he is likely to succeed on the merits of ground one.

**b. Ground Two**

In ground two, Mr. Pomares contends that the Court lacked authority to include special conditions of supervised release 9, 10, and 11.

Special condition 9 requires Mr. Pomares to reside and participate in a residential community corrections center for a period of 90 days. He asserts that the Court exceeded its authority when it ordered this condition because the condition is not authorized by statute or the sentencing guidelines. 18 U.S.C. § 3583(d) allows the Court to order, as a condition of supervised release, any condition set forth as a discretionary condition of probation in 18 U.S.C. § 3563(b), so long as the condition is reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); involves no greater deprivation of liberty than is reasonably necessary; and is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3563(b)(11) allows the Court to order a defendant to "reside at, or participate in the program of, a community corrections facility . . . for all or part of the term of probation." Accordingly, the Court was authorized by statute to impose the condition. With regard to Mr. Pomares' guidelines argument, U.S.S.G. § 5F1.1 provides that "[c]ommunity confinement may be imposed as a condition of . . . supervised release."

To the extent Mr. Pomares contends that the condition constitutes an impermissible delegation of judicial authority because it gives the probation officer the authority to force him to serve an additional three months, this contention is belied by the plain language of the condition. Special condition 9 provides, "[t]he defendant shall reside and participate in a residential community corrections center for a period of 90 days; said placement shall commence on at the probation officer's discretion pursuant to 18 U.S.C. 3563(b)(11). . ." (Doc. 178, p. 5). The plain language of the condition shows that it is the Court that ordered Mr. Pomares to participate in a residential community corrections center. The probation officer only has the ability to determine when the condition will be satisfied, which is permissible. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) ("where the court makes the determination of *whether* a defendant must abide by a condition, and *how* . . . a defendant will be

subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied") (emphasis in original).

With regard to conditions 10 and 11, Mr. Pomares argues that the Court erred when it imposed these conditions because they have no relation to his supervised release violations.

A supervised release condition need not relate to the offense of conviction, or in this case the supervised release violation, so long as the condition is "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender." *United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009). The condition must relate to these purposes, "but may be unrelated to one or more of them, so long as [it is] sufficiently related to the others." *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006) (internal quotation marks omitted).

Condition 10 requires Mr. Pomares to allow his probation officer to conduct unannounced examinations of any computer, computer-related device, or equipment that has an internal or external modem which is in Mr. Pomares' possession or control. This condition is reasonably related to the goal of protecting the public because at the revocation hearing, the probation office explained that while supervising Mr. Pomares it discovered that Mr. Pomares was involved in more credit card fraud and that the fraud related to computer use and creating documents. (Doc. 188, p. 11).

Condition 11 requires Mr. Pomares to complete up to 20 hours of unpaid community service per week. This condition is reasonably related to the goal of deterrence because it requires Mr. Pomares to invest his time in something he might not otherwise invest it in. The condition is also reasonably related to the goal of rehabilitation because it forces Mr. Pomares to interact and connect with the community which will help him to develop a sense of empathy.

**c. Ground Three**

In ground three, Mr. Pomares contends that his guidelines' range was calculated incorrectly at the revocation hearing because the Court used his criminal history category for his offense of conviction when calculating his revocation range. U.S.S.G. § 7B1.4, provides that the criminal history category to be used in determining the range of imprisonment applicable upon revocation of supervised release is the category "applicable at the time the defendant originally was sentenced to a term of supervision." Thus, the Court did not err when it used a criminal history category of IV, which was the category

7

applicable when Mr. Pomares was sentenced for his offense of conviction.

Mr. Pomares further argues that his criminal history category was overstated because his April 2006, state court conviction is null and void and that he has a hearing scheduled in state court to reverse the conviction. Mr. Pomares received two criminal history points for a state court conviction for making/passing a fictitious check for which he was sentenced in April 2006. (PSR 14). Without these two points, Mr. Pomares would have six criminal history points which would place him in a criminal history category of III. Mr. Pomares alleges that the conviction is null and void but admits that he has yet to have the conviction reversed. Because the conviction is still valid, Mr. Pomares criminal history category was not overstated.

**d. Ground Four**

In ground four, Mr. Pomares raises three ineffective assistance of counsel claims. To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Pomares asserts that he received ineffective assistance of counsel because he alerted counsel to the issues raised in grounds one through three but counsel failed to investigate them. Even if Mr. Pomares alerted counsel to the issues set forth in his § 2255 motion during the revocation proceedings, Mr. Pomares is unable to show a reasonable probability that but for counsel's failure to investigate these issues, the result of the proceeding would have been different because the claims lack merit.

Next, Mr. Pomares contends that counsel advised him that under the worst case scenario he would receive a sentence of three months in a halfway house. Even if counsel advised Mr. Pomares that he would receive a sentence of three months in a halfway house, Mr. Pomares is unable to show a reasonable probability that he would not have admitted to the violations without this advice because the Court advised Mr. Pomares regarding the maximum possible sentence at both admission hearings and he still admitted to the violations. (Doc. 186, p. 7; Doc. 187, p. 6-7).

Finally, Mr. Pomares argues that he received ineffective assistance of counsel when counsel

failed to file a § 2255 motion challenging his fraud and concealment convictions. This contention fails because there is no constitutional right to counsel in connection with a § 2255 motion. *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). Without such a right, Mr. Pomares cannot assert a claim for ineffective assistance of counsel. *Id*.

**e. Ground Five**

In ground five, Mr. Pomares contends that the government and probation office engaged in misconduct by prosecuting him for nonexistent violations, submitting false documents, and violating statutes, guidelines, policies, and procedures. Mr. Pomares does not provide any evidence in support of this claim and based on the Court's review of the record it does not appear that the government or probation office engaged in misconduct. Accordingly, it is unlikely that his claim would succeed on the merits.

Based on the above analysis, this Court finds that Mr. Pomares has failed to make a strong showing that he is likely to succeed on the merits of his § 2255 motion. Thus, the first factor cuts in favor of denying Mr. Pomares' request for a stay.

**2. Irreparable Injury to the Party Requesting Stay**

With regard to the irreparable injury factor, the movant "must show that an irreparable injury is the more probable or likely outcome." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam). This requires the Court to "anticipate what would happen as a practical matter following the denial of a stay." *Id*. This analysis focuses on the "individualized nature of irreparable harm and not whether it is categorically irreparable." *Lair*, 697 F.3d at 1214 (internal quotation marks omitted).

Mr. Pomares has failed to show that an irreparable injury is likely to occur following the denial of his request for a stay. He contends that the carrying out of special condition 9 would leave him "with no recourse if he were to succeed on the merits of his § 2255 claim." (Doc. 201, p. 1). As discussed above, Mr. Pomares is unlikely to succeed on the merits of his § 2255 motion thus, this contention is unpersuasive. Next, he argues that participation in a halfway house could cause substantial hardships and aggravations to his medical ailments. (Doc. 201, p. 16). He also asserts that he would lose his medical coverage and home and that his son would become homeless. (Doc. 201, p. 14). The Court is unpersuaded by these assertions because Mr. Pomares fails to explain why these injuries would occur

if he spends ninety days in a halfway house. Therefore, Mr. Pomares has failed to show that an irreparable injury "is the more probable or likely outcome" if the Court denies his request for a stay. *Leiva-Perez*, 640 F.3d at 968.

**3. Public Interest**

"As for the third and fourth factors - assessing how a stay would affect the opposing party and the interest of the public- they merge where, as is the case here, the government is the opposing party." *Id.* at 970. Based on the particulars of this case, the merged public interest factor tips in favor of denying the stay based on the public's interest in rehabilitating Mr. Pomares.

In sum, Mr. Pomares has failed to demonstrate that he is likely to succeed on the merits of his § 2255 motion and that irreparable harm is probable absent a stay. This, balanced against the public's interest in rehabilitating Mr. Pomares, leads the Court to conclude that the balance of hardships tips in favor of denying Mr. Pomares' request for a stay. Mr. Pomares' motion to stay execution of special condition of supervised release 9 pending resolution of his § 2255 motion is DENIED.[1]

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES WITHOUT PREJUDICE Mr. Pomares' § 2255 motion;
2. DENIES Mr. Pomares' COA; and
3. DENIES Mr. Pomares' motion to stay execution of special condition of supervised release 9.

IT IS SO ORDERED.

Dated: __November 30, 2012__       __/s/ Lawrence J. O'Neill__
                                                   UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Pomares' motion to stay reiterates arguments from his § 2255 motion or presents arguments that are more appropriate for a § 2255 motion, the Court declines to consider them in light of his pending direct appeal. *See Deeb*, 944 F.2d at 548 (generally, when a direct appeal is pending, a district court should not entertain a § 2255 motion).